Putnam J.
afterward drew up the opinion of the Court.* If the right of the defendant to pass and repass in all directions over the locus in quo be supported according to the allegations in the fourth plea in bar, it will not be necessary to take into consideration the right claimed by prescription. The jury have found that there is such a way appurtenant to the close of the defendant; and we do not see how they could have found otherwise, without disregarding the vote of the town passed in 1741, and the other evidence in the case.
The locus in quo, &c. was a part of the common, which was appropriated “ for the use of the old parish for highways, a training-field, a burying-place, and the more convenient coming at the pond with flax and creatures, and also to accommodate the neighbours that live bordering on said lands for their more convenient coming at and improving their own lands and buildings : all the aforesaid lands to remain unfenced as they then (viz. 1741) were, and to the use of the old parish and neighbourhood aforesaid forever ; never to be disposed of for any other use whatsoever, without the consent of every freeholder in the parish.”
Now it appears that the parish have undertaken to dispose of the land to the plaintiff, and the land of the defendant is deprived of the privilege of bounding and fronting upon the common ; and there is no evidence produced, that every freeholder consented to the sale to the plaintiff. Such consent is not to be presumed to have been given by the owner of - the defendant’s lot, because it would greatly lessen its value. The parish granted the land now claimed by the defendant, to the Rev. Mr. Prentiss, and bounded it upon the common.
The case falls within the principles settled in Parker et al. v. Smith, 17 Mass. R. 415. In that case the grantor conveyed land “ bounding southwardly and westwardly upon a way or street; ” and the Court held that not to be matter of description merely, but an implied covenant that there were such streets bounding the premises. The reasoning of the *322 chief justice applies to the case at bar. c‘ It probably entered much into the consideration of the purchase, that the lot fronted upon two ways which would be always kept open.” So in the case at bar, the value of the lot conveyed to Mr. Prentiss was greatly increased by its fronting upon the common, which was forever to be kept open.[1]
We are clearly of opinion, that the parish could not, nor can the plaintiff claiming under the parish, legally inclose the land which the inhabitants had appropriated, as is before stated, without the consent of the owners of the lands abutting thereon.
The case finds, that the way has been used within twenty years ; and it is very clear, that the right of way could not be lost by mere non-user for any period short of that time. Co. Lit. 114 6.[2]
We are of opinion that the instruction of the presiding judge was right, and that judgment should be rendered upon the verdict for the defendant.

Shaw C. J. did not sit in the case.

 See Livingston v. Mayor &c. of N. York, 8 Wendell, 85 ; Clap v. M‘Neil, 4 Mass. R. 589.

 See 3 Kent’s Comm. (3d ed.) 447, 448; Wright v. Freeman, 5 Harr. & Johns. 477; Comstock v. Van Deusen, 5 Pick. (2d. ed.) 166, note 1, and cases cited; Beardslee v. French, 7 Connect. R. 125; Yeakle v. Nace, 2 Whart. 123; Lawton v. Rivers, 2 M'Cord, 445.